Andrew J. Gramajo, CA # 338144
AJG LAW GROUP, PC.
320 16th St
Hermosa Beach, CA 90254
T: (415) 638-9140
E: Andrew@Ajglawgroup.us

*Attorneys for Plaintiff*
*Janine Marie Andrews*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JANINE MARIE ANDREWS, <br><br> Plaintiff, <br><br> vs. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, DISCOVER BANK, <br><br> Defendants. | Case No.: 2:25-cv-04552 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **1. FCRA, 15 U.S.C. §§ 1681, *et. seq.*** <br> **2. Cal. Civ. Code § 1785 *et seq.*** |

Janine Marie Andrews ("Plaintiff" or "Ms. Andrews") brings this action on an individual basis, against Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") Trans Union LLC, ("Trans Union"), (collectively, "CRA Defendants") and Discover Bank ("Discover") (collectively "Defendants"). Plaintiff, an identity theft victim, brings this action for damages against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq., California Consumer Credit Reporting Agencies Act

("CCRAA"), Cal. Civ. Code § 1785, *et. seq*., and states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the FCRA, a federal law. See 15 U.S.C. § 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants regularly transacts business within this District, are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

3.    Janine Marie Andrews ("Plaintiff" or "Ms. Andrews") is a natural person residing in Long Beach, California, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

4.    Equifax is a limited liability company with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of California, including within this District. Equifax can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disseminating information concerning

consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)) to third parties.

5.     Experian is a corporation with a principal place of business located at 475 Anton Boulevard Costa Mesa, California 92626, and is authorized to do business in the State of California, including within this District. Experian can be served through its registered agent, C T Corporation System, 330 North Brand Boulevard, Glendale, California 91203. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

6.     Trans Union is a corporation with a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661, and is authorized to do business in the State of California, including within this District. Trans Union can be served through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

7.     Discover is a bank with a principal place of business located at 502 E Market St, Greenwood, DE 19950, and is authorized to do business in the State of California, including within this District. Discover can be served at its registered agent for service C T Corporation System at 330 N Brand Blvd, Ste 700, Glendale, CA 91203. Discover is a "Furnisher" as defined in 12 CFR 1022.41.

**FACTUAL ALLEGATIONS**

**Background**

8.     Upon receiving a dispute from a consumer, the CRA Defendants have an automated system that prepares Automated Consumer Dispute Verification ("ACDV") forms that are sent to each of the data furnishers that are reporting the credit accounts disputed by a consumer.

9.     Data furnishers, like Defendant Discover, then have an obligation under the FCRA to conduct a reasonable reinvestigation with respect to the disputed credit account and review all relevant information provided by the consumer with the dispute to determine whether the disputed credit account information is accurate and/or belongs to the disputing consumer. See 15 U.S.C. § 1681s-2(b).

10.     Once the data furnisher completes its reinvestigation, it will code the ACDV accordingly, representing either that the disputed account was verified as accurate and belonging to the disputing consumer, updating information related to the account, or deleting the account entirely, and return the ACDV to the respective credit bureau(s) via e-OSCAR.

11.     As a standard practice, the CRA Defendants do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the data furnishers, like Defendant Discover here, despite numerous court decisions admonishing this practice. See Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997) (The 'grave responsibilit[y]' imposed by § 1681(a) must

consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); Apodaca v. Discover Fin. Servs., 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); Gorman v. Experian Info. Sols., Inc., 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

12. The CRA Defendants are aware of the shortcomings of their respective procedures and intentionally choose not to comply with the FCRA to lower their costs. Accordingly, the CRA Defendants' violations of the FCRA are willful.

**Allegations Specific to Plaintiff**

13. Plaintiff's identity was stolen in or around 2016.

14. In or around 2021, Plaintiff received a notice from her employer stating that Citi Bank and Discover Bank intended to garnish her wages.

15. Plaintiff was utterly devastated.

16. Plaintiff hired a criminal defense attorney, Veronica Barton, who successfully had the Citi Bank's judgment set aside.

17. The court ruled in the Plaintiff's favor, stopping the wage garnishment.

18. The fraudulent Citi Bank account was subsequently removed from Plaintiff's credit reports.

19.    Plaintiff ended up spending more in legal representation than the account was worth.

20.    However, it was important to Plaintiff not to pay money she did not fairly owe.

21.    While addressing the Citi Bank case, Plaintiff received a second wage garnishment notice from Discover Bank.

22.    Unable to afford legal representation again, Plaintiff represented herself, filing the necessary court motions.

23.    Plaintiff is a radiographer in a children's hospital, who often works the night shift, so self-representation, including doing all the necessary background research, was an immense and stressful undertaking for her.

24.    Discover Bank garnished some of Plaintiff's wages before the proceedings began.

25.    However, eventually, the court dismissed Discover's case and ordered the return of her garnished wages.

26.    Despite this ruling, and despite the fact that the account is the result of identity theft, Discover Bank continues to report the account on her credit reports.

27.    On December 1, 2021, Plaintiff filed an FTC Identity Theft Affidavit including the fraudulent Discover account.

28.    On December 7, 2021, Plaintiff filed an Identity Theft Victim's Complaint and Affidavit regarding the fraudulent Discover account.

29.     On or around December 5, 2022, Plaintiff won the debt collection lawsuits regarding the accounts.

30.     The fraudulent Discover account nonetheless continued to report on Plaintiff's credit reports with Experian, Equifax, and Trans Union.

31.     The account was purportedly opened in May 2016 and had a charged-off balance of $5,513.

32.     Accordingly, Plaintiff submitted disputes to the CRA Defendants, including voluminous evidence, including a copy of the minute order at issue as well as other relevant affidavits and details regarding the identity theft and fraudulent account.

33.     On or about October 28, 2024, Plaintiff mailed a dispute letter to Experian. That letter was delivered on or about November 5, 2024.

34.     On November 9, 2024, Experian responded that the Discover Bank account was deleted. However, on or about November 27, 2024, Experian sent a second response, stating the disputed Discover Bank account was still pending.

35.     On December 31, 2024, Plaintiff obtained an updated Experian report, which still showed the fraudulent Discover Bank account.

36.     On or about October 28, 2024, Plaintiff mailed a dispute letter to Equifax. That dispute was delivered on or about November 2, 2024.

37.     On November 21, 2024, Equifax responded, stating that the fraudulent Discover account belonged to Plaintiff. On December 7, 2024, Plaintiff obtained an updated Equifax report, which still showed the fraudulent Discover account.

38.     On or about October 28, 2024, Plaintiff mailed a dispute letter to Trans Union.  That dispute was delivered on or about November 1, 2024.

39.     On November 22, 2024, TransUnion responded, stating that the Discover Bank account was reinserted. On January 29, 2025, Plaintiff obtained an updated TransUnion report, which still showed the fraudulent Discover Bank account.

40.     In response to some or all of Plaintiff's disputes, each CRA sent Automated Consumer Dispute Verification ("ACDV") documents to Discover.

41.     Discover failed to perform a reasonable reinvestigation and instead responded that the disputes had been "verified" or requested reinsertion—*even though Discover knew it had lost in court on the underlying debt* and had thus failed to "verify" the debt in front of a judge.

42.     Discover did so even though it knew that, in the course of the debt litigation, Plaintiff undertook the effort of requesting and analyzing extensive documentation regarding the fraudulent Discover account, proving conclusively that it was not hers or her responsibility.

43.    Plaintiff carefully examined the documentation and painstakingly showed Discover and the judge why and how the account, and its charges, did not belong to her.

44.    Each CRA Defendant has published the false Discover account to third parties, including Plaintiff's potential creditors such as Capital One.

45.    Pentagon Federal Credit Union denied Plaintiff's application as a result of a "derogatory event," i.e., the Discover Bank charge-off.

46.    Around the time of these events, Plaintiff's mother was dying. Plaintiff is an only child.

47.    The continuous misreporting of false information has caused Plaintiff disappointment, anxiety, and stress.

48.    Plaintiff ended up on medical stress leave and suffered a nervous breakdown.

49.    Plaintiff was placed on medical stress leave multiple times.

50.    Plaintiff was unable to perform her job properly due to a nervous breakdown, the catalyst for which was the fact that Discover Bank was calling her at her workplace.

51.    Plaintiff's manager supported her during these meltdowns.

52.    Plaintiff was even hospitalized.

53.    Plaintiff has been battling identity theft for an extended period.

54.    However, Discover Bank is the only fraudulent account that remains on her credit reports.

55.    Additionally, while dealing with this issue, Plaintiff's mother was critically ill, indeed dying.

56.    She struggled to focus all her attention on her mother due to having to deal with the fraudulent Discover Bank account and its reporting.

57.    Moreover, the fraudulent Discover Bank account has hindered her financial goals.

58.    Plaintiff is looking to apply for a home equity loan for home repairs but has refrained from doing so due to the fraudulent Discover Bank account, fearing that it would negatively impact her interest rate.

59.    As a busy radiographer fighting the effects of identity theft, Plaintiff feels that it would be an unjustifiable exercise in futility to apply for the loan given her current credit standing.

60.    The fraudulent Discover Bank account is the only negative item on Plaintiff's credit reports. All her other accounts are in good standing: paid in full, current, and never late.

61.    Plaintiff is a highly responsible person, and this ordeal has besmirched her reputation.

62.    As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from her good credit rating;

detriment to her credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove an open and derogatory loan account that was the product of identity theft; and, the expenditure of labor and effort disputing and trying to remove an open and derogatory loan account that was the product of identity theft.

63.    Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted and questioned and disbelieved by the Defendants.

**COUNT I**
**15 U.S.C. § 1681e(b), and Cal. Civ. Code § 1785.14**
**Failure to Follow Reasonable Procedures to**
**Assure Maximum Possible Accuracy**
**(Defendants Equifax, Experian, and Trans Union)**

64.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein.

65.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

66.    On numerous occasions, the CRA Defendants prepared patently false

consumer reports concerning Plaintiff.

67.    Despite actual and implied knowledge that Plaintiff was the victim of identity theft, the CRA Defendants readily and repeatedly sold such false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness by suggesting that Plaintiff had a loan account and that she was delinquent on at least one occasion.

68.    Defendant Equifax violated 15 U.S.C. § 1681e(b), and Cal. Civ. Code § 1785.14 by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

69.    Defendant Experian violated 15 U.S.C. § 1681e(b), and Cal. Civ. Code § 1785.14 by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

70.    Defendant Trans Union violated 15 U.S.C. § 1681e(b), and Cal. Civ. Code § 1785.14 by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

71.    As a result of the CRA Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; reduced overall creditworthiness; the

expenditure of time and money disputing and trying to remove an open and derogatory loan account that was the product of identity theft; and, the expenditure of labor and effort disputing and trying to remove an open and derogatory loan account that was the product of identity theft.

72.    Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted and questioned and disbelieved by the CRA Defendants.

73.    The CRA Defendants' conduct, actions, and inactions were willful, rendering Defendants Equifax, Experian, and Trans Union liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n, and to to Cal. Civ. Code § 1785.31(a)(2). In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o, and Cal. Civ. Code § 1785.31(a)(2)..

74.    Plaintiff is entitled to recover attorneys' fees and costs from the CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o, and Cal. Civ. Code § 1785.31(d).

**COUNT II**
**15 U.S.C. § 1681i, and Cal. Civ. Code § 1785.16**
**Failure to Perform a Reasonable Reinvestigation**
**(Defendants Equifax, Experian, and Trans Union)**

75.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein at length.

76.    The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. § 1681i(a)(1), and Cal. Civ. Code § 1785.16.  The Act imposes a 30-day limitation for the completion of such an investigation. Id.

77.    The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file.  See 15 U.S.C. § 1681i(a)(5)(A), and Cal. Civ. Code § 1785.16(b).

78.    On numerous occasions Plaintiff disputed the inaccurate information with the CRA Defendants and requested that they correct and/or delete a specific item in her credit file that is patently inaccurate, misleading, and highly damaging to her, namely, the fraudulent account that was the product of identity theft which was a very stressful situation for the Plaintiff.

79.    Plaintiff disputed the identity theft information to the CRA Defendants

several times to no avail.

80.    On at least one occasion, Plaintiff supported her dispute with a copy of the police report and the FTC ID Theft Report.

81.    Despite actual and implied knowledge that Plaintiff was the victim of identity theft, and in response to Plaintiff's disputes, Defendant Equifax conducted virtually no investigations of Plaintiff's disputes, or such investigations were so shoddy as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

82.    Despite actual and implied knowledge that Plaintiff was the victim of identity theft, and in response to Plaintiff's disputes, Defendant Experian conducted virtually no investigations of Plaintiff's disputes, or such investigations were so shoddy as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

83.    Despite actual and implied knowledge that Plaintiff was the victim of identity theft, and in response to Plaintiff's disputes, Defendant Trans Union conducted virtually no investigations of Plaintiff's disputes, or such investigations were so shoddy as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

84.    Plaintiff expended resources in the form of time and money to repeatedly dispute the same account with the CRA Defendants, repeatedly.

85.    For example, Plaintiff had to wait about five hours in the police station

for officers to come and take her report. Plaintiff also had to obtain a sworn, notarized affidavit, which was another expense.

86. The CRA Defendants' repeated refusals to block the disputed Fraudulent Account provided credibility to that account, forcing an identity theft victim to be repeatedly confronted with the evidence of identity theft.

87. Defendant Equifax violated 15 U.S.C. § 1681i, and Cal. Civ. Code § 1785.16 by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which they received the notices of dispute from Plaintiff; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

88. Defendant Experian violated 15 U.S.C. § 1681i, and Cal. Civ. Code § 1785.16 by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which they received the notices of dispute from Plaintiff; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

89. Defendant Trans Union violated 15 U.S.C. § 1681i, and Cal. Civ. Code § 1785.16 by failing to conduct a reasonable investigation to determine whether the

disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which they received the notices of dispute from Plaintiff; and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

90.    As a result of the CRA Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove an open and derogatory loan account that was the product of identity theft; and, the expenditure of labor and effort disputing and trying to remove an open and derogatory loan account that was the product of identity theft.

91.    Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted and questioned and disbelieved by the CRA Defendants.

92.    The CRA Defendants' conduct, actions, and inactions were willful, rendering the CRA Defendants liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n,

and Cal. Civ. Code § 1785.31(a)(2).  In the alternative, the CRA Defendants were

negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o, and Cal. Civ. Code

§ 1785.31(a)(1).

93.    Plaintiff is entitled to recover attorneys' fees and costs from the CRA

Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n and/or § 1681o, and Cal. Civ. Code § 1785.31(d).

**COUNT III**
**15 U.S.C. § 1681c-2, and Cal. Civ. Code §§ 1785.14**
**Failure to Block Identity Theft Information**
**(Defendants Equifax, Experian and Trans Union)**

94.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

95.    Defendant Equifax violated 15 U.S.C. § 1681c-2, and Cal. Civ. Code §

1785.14 of the CCRAA by failing to block the reporting of the disputed information

which was due to identity theft from Plaintiff's file.

96.    Defendant Experian violated 15 U.S.C. § 1681c-2, and Cal. Civ. Code

§ 1785.14 of the CCRAA by failing to block the reporting of the disputed information

which was due to identity theft from Plaintiff's file.

97.    Defendant Trans Union violated 15 U.S.C. § 1681c-2, and Cal. Civ.

Code § 1785.14 of the CCRAA by failing to block the reporting of the disputed

information which was due to identity theft from Plaintiff's file.

98.    Plaintiff repeatedly submitted ample evidence of the fact that she was

an identity theft victim.  Plaintiff further supported the fact that she was an identity theft victim by providing to the CRA Defendants copies of the Police Report and FTC IDT Report.

99.   The CRA Defendants should have blocked the identity theft information but failed to do so at every turn.

100.   As a result of the CRA Defendants ' conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from er good credit rating; detriment to er credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove an open and derogatory loan account that was the product of identity theft; and, the expenditure of labor and effort disputing and trying to remove an open and derogatory loan account that was the product of identity theft.

101.   Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted and questioned and disbelieved by the CRA Defendants.

102.   The CRA Defendants' conduct, actions, and inactions were willful, rendering the CRA Defendants liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n,

and Cal. Civ. Code § 1785.31(a)(2).  In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o, and Cal. Civ. Code § 1785.31(a)(1).

103.    Plaintiff is entitled to recover attorneys' fees and costs from the CRA Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o, and Cal. Civ. Code § 1785.31(d).

**COUNT IV**
**15 U.S.C. § 1681s-2b, and Cal. Civ. Code §1785.25**
**Failure to Conduct an Investigation of the Disputed Information and Review of all Relevant Information Provided by the Consumer**
**(Defendant Discover Only)**

104.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein at length.

105.    Defendant Discover refused to remove information that was the product of identity theft—namely the fraudulent account.

106.    Defendant Discover violated 15 U.S.C. § 1681s-2(b), and Cal. Civ. Code § 1785.25 by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same.

107.    As a result of Defendant Discover conduct, action, and inaction, Plaintiff suffered damage by loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; reduced overall creditworthiness; the expenditure of time and money disputing and trying to remove an open and

derogatory loan account that was the product of identity theft; and, the expenditure of labor and effort disputing and trying to remove the an open and derogatory loan account that was the product of identity theft.

108.    Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish and pain, sleep loss, reputational damage, humiliation, stress, anger, frustration, shock, violation of Plaintiff's right to privacy, fear, worry, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity is doubted and questioned and disbelieved by Defendant Discover.

109.    Defendant Discover's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n, and Cal. Civ. Code § 1785.31(a)(2).    In the alternative, Defendant Discover was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o, and Cal. Civ. Code § 1785.31(a)(1).

110.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o, and Cal. Civ. Code § 1785.31(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief against Defendants:

(a)    Declaratory judgment that Defendants violated the FCRA, 15 U.S.C. §

1681;

(b)     Actual damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

(c)     Statutory damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

(d)     Punitive damages pursuant to 15 U.S.C. § 1681n;

(e)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o and/or 1681n; and

(f)     Actual damages pursuant to Cal. Civ. Code §§ 1785.31(a)(1) and/or 1785.31(a)(2);

(g)     Statutory damages pursuant to Cal. Civ. Code §§ 1785.31(a)(1) and/or 1785.31(a)(2);

(h)     Punitive damages pursuant to Cal. Civ. Code § 1785.31(a)(2);

(i)     Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(d);

(j)     Actual damages pursuant to Cal. Civ. Code §§ 1786.50(a)(1) and/or 1785.31(a)(2);

(k)     Statutory damages pursuant to Cal. Civ. Code §§ 1786.50(a)(1) and/or 1785.31(a)(2);

(l)     Punitive damages pursuant to Cal. Civ. Code § 1786.50(b);

(m)     Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1786.50(a)(2);

(n)    Punitive damages to be determined at trial, for the sake of example and

punishing defendant for its malicious conduct, pursuant to Cal. Civ.

Code § 3294; and,

(o)    Such other and further relief as this Honorable Court may deem just and

proper, including any applicable pre-judgment and post-judgment

interest, and/or declaratory relief.

### JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

Dated: May 21, 2025                    By: */s/ Andrew J. Gramajo*
                                       Andrew J. Gramajo, CA # 338144
                                       AJG LAW GROUP, PC.
                                       320 16th St
                                       Hermosa Beach, CA 90254
                                       T: (415) 638-9140
                                       E: Andrew@Ajglawgroup.us

                                       *Attorneys for Plaintiff*
                                       *Janine Marie Andrews*